**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIK TAYLOR,           ) | NO. CV 11-9614 JFW (SS) |
| )  | |
| Plaintiff,   ) | |
| ) | **MEMORANDUM AND ORDER DISMISSING** |
| v.           ) | |
| ) | **COMPLAINT WITH LEAVE TO AMEND** |
| DEPUTY LUMUS, et al., ) | |
| ) | |
| Defendants.  ) | |

**I.**

**INTRODUCTION**

On November 23, 2011, plaintiff Erik Taylor ("Plaintiff"), proceeding pro se, filed what appears to be a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against various defendants after the Court granted Plaintiff's request to proceed in forma pauperis. For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

1    In civil actions where the plaintiff is proceeding in forma
2 pauperis ("IFP"), Congress requires district courts to dismiss the
3 complaint if the court determines that the complaint, or any portion
4 thereof, (1) is frivolous or malicious, (2) fails to state a claim upon
5 which relief can be granted, or (3) seeks monetary relief from a
6 defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).
7
8    However, when a plaintiff appears pro se in a civil rights case,
9 the court must construe the pleadings liberally and afford the plaintiff
10 the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't.,
11 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to
12 a pro se complaint, the court may not, however, supply essential
13 elements of a claim that were not initially pled. Ivey v. Bd. of
14 Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). A court
15 must give a pro se litigant leave to amend the complaint unless it is
16 "absolutely clear that the deficiencies of the complaint could not be
17 cured by amendment." Karim-Panahi, 839 F.2d at 623 (citation and
18 internal quotation omitted).
19
20    Under Federal Rule of Civil Procedure 12(b)(6), a trial court may
21 dismiss a claim sua sponte "where the claimant cannot possibly win
22 relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.
23 1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726
24 (D.C. Cir. 1990) (per curiam) (adopting Ninth Circuit's position in Omar
25 and noting that such a sua sponte dismissal "is practical and fully
26 consistent with plaintiff's rights and the efficient use of judicial
27 resources"). The Court finds that the instant Complaint fails to state
28

a cognizable claim for relief against the Defendants. However, leave to amend is granted.

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that the following three named defendants violated his civil rights: (1) Deputy Lumus, badge no. 495512 ("Deputy Lumus"); (2) Deputy Rinconn, badge no. 465722 ("Deputy Rinconn"); and (3) the Los Angeles County Sheriff's Department (the "Sheriff's Department") (collectively, "Defendants"). (Complaint at 2-3).[2] The Complaint does not state whether Plaintiff is suing Defendants in their individual or official capacities. (See id.).

The Complaint alleges that on an unspecified date, Plaintiff was "pulled over by Deputy Lumus [and] Deputy Rinconn." (Complaint at 4). According to Plaintiff, Deputy Lumus "started hitting [Plaintiff] in the head and slammed [him] on [his] face." (Id.). Deputy Rinconn "told Deputy Lumus to get off [Plaintiff's] back so he can shoot. Deputy Lumus disobayed [sic] the comand [sic] in kept punt [Plaintiff] in the head in ear [sic]." (Id.) As a consequence, Plaintiff states that he is losing his hearing and has difficulty balancing. (Id. at 5). Plaintiff further alleges that the beating injured his ear, resulting

---

[2] The page numbering of the Complaint is confusing. The first three pages of the Complaint are properly numbered one through three. However, the statement of facts, which begins on the fourth page of the Complaint, restarts the numbering at one. For clarity, the Court will cite to the pages of the Complaint as though they were consecutively numbered. The Court reminds Plaintiff that Local Rule 11-3.3 requires that all documents be numbered consecutively at the bottom of each page.

in discharges of pus from his ear that have not responded to medication. (Id.).

Plaintiff seeks compensatory damages for his past and future medical bills, and to compensate him for his wrongful incarceration,[3] the loss of hearing, and "emotional [and] mental distress." (Id. at 10).

## III.
## DISCUSSION

The Court must dismiss Plaintiff's Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1128-29 (9th Cir. 2000) (en banc). Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.  The Los Angeles County Sheriff's Department Is Not A Proper Defendant**

Section 1983 provides a cause of action against any "person" who, under color of law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983. The term "person" includes state and local officials sued in their individual

---

[3] Although Plaintiff does not identify the charges on which he was tried following his arrest, he states that "[t]he criminal court found [him] not guilt[y] . . . ." (Complaint at 6).

capacities and local governmental entities. Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002). It does not, however, encompass municipal departments. See United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983); Garcia v. City of Merced, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008) (dismissing Sheriff's Department as improper defendant); Hall v. Placer County Sheriff's Dept., 2011 WL 6002912 at *9 (E.D. Cal. Nov. 30, 2011) (same).

Although Plaintiff does not specifically allege what he believes the Los Angeles County Sheriff's Department, as a unit, did to violate his constitutional rights, it is clear that as a department of the County of Los Angeles, the Sheriff's Department is not a proper defendant in Plaintiff's section 1983 action. Therefore, the Complaint must be dismissed and Plaintiff is instructed to omit the Sheriff's Department as a defendant in any amended complaint, to the extent his claims are based on civil rights violations by individuals of that department.

**B.  Plaintiff Fails To State Whether Defendants Are Sued In Their Individual Or Official Capacities**

The Complaint does not specify whether Plaintiff is suing Deputies Lumus and Rinconn in their individual or official capacities. (See Complaint at 2). However, the court has an obligation to liberally construe a pro se complaint. Haines v. Krener, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Because damages are unavailable from

individual defendants when they are sued in their official capacity, the Court assumes that Plaintiff is suing the individual defendants in this case in their individual capacity. Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966-67 (9th Cir. 2010). However, in an any amended complaint should clearly state whether Plaintiff is suing defendants in their individual or official capacities.

**C.    The Complaint Fails To State A Tort Claim**

Although the Complaint is unclear, it appears that Plaintiff may be attempting to allege state tort claims such as battery, false imprisonment and intentional infliction of emotional distress. (See Complaint at 10). However, the Complaint does not allege sufficient facts to support these claims nor does Plaintiff identify the specific Defendant or Defendants he believes may be liable for each tort. To state a claim for battery, Plaintiff must allege that "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." Bailey v. County of San Joaquin, 671 F. Supp. 2d 1167, 1174 (E.D. Cal. 2009) (quoting Brown v. Ransweiler, 171 Cal. App. 4th 516, 526-27, 89 Cal. Rptr. 3d 801 (2009)) (internal citations and quotation marks omitted). When a state law battery claim is brought against a police officer, "a plaintiff must prove that the peace officer's use of force was unreasonable. . . . The question is whether a peace officer's actions were objectively reasonable based on the facts and circumstances confronting the peace

1 officer." Bailey, 671 F. Supp. 2d at 1174 (internal quotation marks
2 omitted); Saman v. Robbins, 173 F.3d 1150, 1157 n.6 (9th Cir. 1999).

4     Additionally, false imprisonment is the "unlawful violation of the
5 personal liberty of another." People v. Dominguez, 180 Cal. App. 4th
6 1351, 1356, 103 Cal. Rptr. 3d 864 (2010) (quoting Cal. Penal Code § 236)
7 (emphasis added). Finally, a claim for intentional infliction of
8 emotional distress must allege: "(1) outrageous conduct by the
9 defendant, (2) intention to cause or reckless disregard of the
10 probability of causing emotional distress, (3) severe emotional
11 suffering and (4) actual and proximate causation of the emotional
12 distress." Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1376, 117 Cal.
13 Rptr. 3d 747 (2010). To the extent that Plaintiff is attempting to sue
14 Defendants in tort, the Complaint must allege facts establishing all of
15 the elements of his purported tort claims.

17     Furthermore, the Complaint must establish for each tort that
18 Plaintiff has complied with the claim presentation requirements of the
19 California Tort Claims Act. Cal. Gov't Code §§ 810, et seq. The
20 Complaint must show that Plaintiff submitted his tort claims to the
21 proper governmental entity before filing the instant action or explain
22 why Plaintiff should be excused for noncompliance. Cal. Gov't Code
23 § 945.4; State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239, 13
24 Cal. Rptr. 3d 534 (2004). As Plaintiff has not pled facts establishing
25 all of the elements of a tort claim and demonstrating his compliance
26 with the California Tort Claims Act, the Complaint must be dismissed
27 with leave to amend.

28

### D. **The Complaint Fails To State A Claim Under Section 1983 For Excessive Force**

Although the Complaint is unclear, Plaintiff appears to be attempting to assert a civil rights claim for excessive force. (Complaint at 6-9). An excessive force analysis requires evaluating "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 921 (9th Cir. 2001). The Complaint does not state sufficient facts to establish a Constitutional claim based upon excessive force. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (internal citations and quotation marks omitted).

Plaintiff alleges that he was injured by Deputy Lumus and was threatened by Deputy Rinconn, but the Complaint provides no facts about the circumstances of his arrest that would enable the Court to assess the reasonableness of their actions. (Complaint at 4). To avoid dismissal, a complaint must contain "more than labels or conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009) ("Rule 8 . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In other words, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." Iqbal, 129 S. Ct. at 1949. Plaintiff must give fair notice to the defendants of their alleged wrongful conduct. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff does not provide enough information to establish that the manner in which he was arrested violated his constitutional rights. Accordingly, the Complaint must be dismissed with leave to amend.

## IV.
## CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. Plaintiff shall limit his action only to those Defendants who may be properly named in such a complaint, consistent

9

with the authorities discussed above. Each page of the First Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, Plaintiff should identify the nature of each separate legal claim and the Defendant against whom the claim is asserted, and make clear what specific factual allegations support his claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience</u>.**

DATED: December 20, 2011

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE