ERIK TAYLOR
252 EAST LANZIT AVENUE
APARTMENT 4
LOS ANGELES, CALIFORNIA 90061
C# (213) 446-1858

Attorney for Erik Taylor, in pro se

FILED

2012 JAN 18 AM 11: 46

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY...........................

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

ERIK TAYLOR

        Plaintiff,

    vs.

LOS ANGELES COUNTY SHERIFFS
DEPUTY LUMUS #495512, LOS ANGELES
COUNTY SHERIFFS DEPUTY RINCONN
#465722, Does 1-10 ), Inclusive

        Defendant.

) Case No.: CV 11-9614 JFW (SS)
)
) **FIRST AMENDED COMPLAINT FOR**
) **DAMAGES**
)
)
)
)
)
)
)
)

Plaintiff, ERIK TAYLOR, alleges as follows;

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal claim under U.S.C. §1983 pursuant to 28 U.C.S. §1331 and 1343. Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law.

2. Venue is proper because these acts took place in this District.

## GENERAL ALLEGATIONS

3. At all times relevant hereto, Plaintiff ERIK TAYLOR, was resident of the County of Los Angeles, State of California.

4. Plaintiff is informed and believes, and thereupon alleges that, at all times relevant herein, Defendants Los Angeles County Sheriffs Deputy Lemus #495512 and Los Angeles County Sheriffs Deputy Rinconn #465722, and Does 1-100 were residents of the County of Los Angeles, State of California, and were

law enforcement officers, as well as employees, agents and representatives of the County of Los Angeles. At all times relevant hereto, said Defendants were acting within the course and scope of their employment as officers of the County of Los Angeles Sheriffs Departments.

5. Plaintiff ERIK TAYLOR is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is legally responsible, intentionally, negligently, or in some other actionable manner for the events and occurrences hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights alleged herein. Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named Defendants when the same have been ascertained.

6. At present time Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive because Plaintiff does not have in his possession records and documents that would reveal the names of these DOE Defendants that are believed to be law enforcement officers, detectives, and civilian employee agents, policy makers and representatives of Defendant County of Los Angeles. Plaintiff believes and thereupon alleges that many of the records contain the names of such DOE Defendants may be protected by state statute and can only be ascertained through the discovery process.

7. All Defendants who are natural persons, and each of them, including DOES 1 through 100, are sued individually and in their individual capacity as law enforcement officers, as representatives for the Los Angeles County Sheriffs Department.

/ / /

/ / /

8. At all times relevant herein, Defendants Los Angeles County Sheriffs Department Deputy Lemus and Los Angeles County Sheriffs Department Deputy Rinconn, DOES 1 through 100, and each of them, were acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, practices and usages of the Los Angeles County Sheriffs Department.

9. Plaintiff alleges that the causes of action alleged in this complaint did not accrue until March 29, 2010, when Superior Court Judge David Sotelo dismissed the criminal charges against Plaintiff. See, Heck vs. Humphrey (1994) 512 U.S. 477, and Susag vs. City of Lake Forest (2001) 94 Cal.App.4th 1401.

Plaintiff further alleges that Defendants, and each of them, intentionally misrepresented the true facts to Judges, and to representatives from the District Attorney's Office relating to the wrongful detention, arrest, and subsequent incarceration of Plaintiff ERIK TAYLOR thereby preventing Plaintiff from instituting a lawsuit until the termination of the criminal proceedings.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 against all Defendants)

10. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 9.

11. This cause of action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

12. On December 22, 2009, Plaintiff ERIK TAYLOR was detained, beaten and arrested without legal cause or justification in the area of 252 E. Lanzit Ave., Los Angeles, CA 90061 by Los Angeles County Sheriffs Department Deputy Lemus #495512 and Los Angeles County Sheriffs Department Deputy Rinconn #465722.

13. On December 22, 2009, Plaintiff ERIK TAYLOR was pulling a vehicle into his mother's driveway at the above-mentioned address where he was stopped

and ordered out of the vehicle. He was knocked down by Deputy Lemus #495512 pushed into a gate and after going down was repeatedly beaten by the officer. The other officer Deputy Rinconn #465722 had his weapon drawn and was ordering Deputy Lemus to get out of the way so that he could shoot Plaintiff ERIK TAYLOR.

14. Subsequently, the Deputies and Defendants Lemus and Rinconn prepared a false police report against Plaintiff ERIK TAYLOR by distorting the true facts. In their respective police reports, Defendants Lemus and Rinconn, falsely alleged that Plaintiff was challenging them to a fight by resisting arrest. Moreover, the police report omitted all facts regarding excessive use of force against Plaintiff by the Defendants Deputy Lemus and Deputy Rinconn.

15. On or about December 22, 2009 pursuant to the false police reports filed by Deputy Lemus and Deputy Rinconn, the Los Angeles County District Attorney's Office filed a felony complaint alleging the three felonies and two misdemeanor counts as follows;

Count 1: 69 P.L. Felony - Obstructive or resistance of an executive officer in performance of their duties;

Count 2: 12021 (a) (1) P.C. Felony – Felon in possession of a firearm;

Count 3.: 12316 (b) (1) P.C. Felony – Sale of ammunition to a person under 21;

Count 4: 243 (b) P.C. Misdemeanor – Battery against a Peace Officer.

Count 5: 11357 (b) H&S a Misdemeanor.

Because Plaintiff ERIK TAYLOR was on parole, a parole hold was issued and he was also held in lieu of $195,000.00 bail.

17. Plaintiff repeatedly denied any involvement with the charges against him, but despite his denials and the lack of positive evidence linking him to the crimes alleged Plaintiff ERIK TAYLOR remained incarcerated until March 29, 2010 where after jury selection had begun the charges, Counts 1 through 4, were

dismissed by the District Attorney in the interest of justice. Plaintiff remained incarcerated until on or about March 29, 2010, when charges were dismissed by the court.

18. Defendant officers, active under color of law, have deprived Plaintiff TAYLOR of the rights, privileges and immunities secured by the Constitution and laws of the United States, in particular by the First, Fourth, Sixth, and Fourteenth Amendments, and by the Constitution and laws of the State of California. As a direct and proximate result, Plaintiff TAYLOR has sustained damages stemming from his false incarceration all according to proof at trial.

19. Defendants, and each of them, subjected Plaintiff to the aforementioned violations and/or deprivations by either actually malice, deliberate indifference, or a reckless disregard for their rights under the United States Constitution.

20. Defendants, and each of them, subjected Plaintiff to the aforementioned violations and/or deprivations of his constitutional rights, and such acts were pursued for a discriminatory purpose with the design and intent to violate Plaintiff's constitutional rights with deliberate indifference to said rights.

21. The aforementioned acts of the Defendants, and each of them, was willful, wanton, malicious and oppressive and thereby justifies the awarding of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

## CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C § 1983

**(Against Defendants Lemus and Rinconn and DOES 1 through 100, inclusive)**

22. Plaintiff alleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 21.

23. This cause of action is brought pursuant to 42 U.S.C. §1983, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

/ / /

/ / /

24. On or before December 29, 2009, Plaintiff ERIK TAYLOR, possessed the right guaranteed by the Fourth and Fourteenth Amendments against the use of excessive force by police officers acting under the color code.

25. On December 29, 2009, Defendants Lemus and Rinconn assaulted and attacked Plaintiff with force that was excessive, reckless and unjustified as set forth in detail in Plaintiff's factual allegations.

26. Plaintiff is informed and believes and thereon alleges that Defendants Lemus and Rinconn, engaged in the violent acts against Plaintiff, facilitated, encouraged and/or instigated said violent acts, and failed to intervene to stop the violence nor rendered any assistance to Plaintiff knowing the severity of the injuries being inflicted upon Plaintiff.

27. At the time of said acts by Defendants, Plaintiff was not engaged in any combative behavior nor made any furtive movement that would cause Defendants to over react or to use deadly force against Plaintiff.

28. The violence against Plaintiff was entirely unjustified by any actions of Plaintiff and constituted an unreasonable and excessive use of force.

29. Said Defendants acted specifically with the intent to deprive Plaintiff of the following rights under the United States Constitution:

    a. Freedom from unreasonable seizures in the form of the use of excessive force by law enforcement officers;

    b. Freedom from deprivation of liberty without due process of law; and

    c. Freedom from summary punishment.

30. Said Defendants subjected Plaintiff TAYLOR to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard for his rights under the United States Constitution and the laws of the State of California.

    ///

    ///

31. As a direct and approximate cause of the aforementioned acts of these Defendants, Plaintiff TAYLOR suffered serious injuries to his entire body that caused him severe and permanent injuries.

32. By reason of the aforementioned acts and omissions of Defendants, Plaintiff was caused to incur damages, including medical expenses and loss of earning capacity, and general damages in an amount to be provided at trial.

33. By reason of the aforementioned acts and omissions of Defendants, Plaintiff was required to retain counsel to institute and prosecute the within action, and Plaintiff requests payment by Defendants of a reasonable sum as and for attorneys fees pursuant to 42 U.S.C §1988.

34. The aforementioned acts of said Defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to the individually named Defendants.

Executed: January 17, 2012

Respectfully submitted by,
ERIK TAYLOR

ERIK TAYLOR, in pro se